UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-80281-DMM

| | |
|---|---|
| ROMEO CHICCO, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>GENERAL MOTORS LLC, ONSTAR LLC, LEXISNEXIS RISK SOLUTIONS INC.,<br><br>　　　　Defendants. | Class Action Complaint |

**DEFENDANTS' UNOPPOSED MOTION TO
STAY PENDING JPML RULING AND
INCORPORATED MEMORANDUM OF LAW**

　　　　Defendants General Motors LLC ("GM"), OnStar LLC ("OnStar"), and LexisNexis Risk Solutions Inc. (collectively, the "Defendants") respectfully request that the Court stay all proceedings and deadlines in this action pending resolution of the motion for transfer and centralization under 28 U.S.C. § 1407 that is currently before the Judicial Panel on Multidistrict Litigation ("JPML").  Defendants' Response to the motion for transfer and centralization is due on April 26, 2024, and the JPML will hear oral argument on the Section 1407 motion in just forty-five (45) days, on May 30, 2024.  Defendants anticipate an order regarding transfer and centralization of this case and other related cases to be issued promptly thereafter.  A short stay of proceedings until the JPML resolves the pending Section 1407 motion will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and

potentially inconsistent pretrial rulings, and prevent prejudice to all parties. Plaintiff has advised Defendants that they consent to the requested stay.

### I. BACKGROUND

This case is one of nine (9) putative class actions filed in six (6) separate federal jurisdictions in connection with Defendants' alleged collection and publication of certain driving data. Plaintiff filed the Complaint in this case on March 13, 2024; following a brief extension, Defendants' current deadline to answer or otherwise respond to the Complaint is currently April 19, 2024.

Shortly after Plaintiff's Complaint in this case was filed, six (6),[1] substantively similar putative class actions were filed in (1) the Southern District of New York, *Landman v. General Motors LLC, et al.*, Case No. 1:24-cv-02238 (S.D.N.Y. March 25, 2024); (2) the Middle District of Pennsylvania, *Dinardo v. General Motors LLC, et al.*, Case No. 3:24-cv-00524-JKM (M.D. Pa. March 27, 2024); (3) the Eastern District of Michigan, *Reed v. General Motors LLC, et al.*, Case No. 2:24-cv-10804-JJCG-CI (E.D. Mich. March 28, 2024); *Block v. General Motors LLC, et al.*, Case No. 2:24-cv-10824-SJM-APP (E.D. Mich. March 31, 2024); and (4) the Central District of California, *King v. General Motors LLC, et al.*, Case No. 2:24-cv-02560 (C.D. Cal. March 28, 2024); *Thongsawang v. General Motors LLC, et al.*, Case No. 8:24-cv-00695 (C.D.

---

[1] Shortly after plaintiff Thongsawang filed the Motion for Transfer and Centralization, an eighth putative class action was filed in the Central District of California, *see Valencia v. General Motors LLC, et al.*, Case No. 2:24-cv-02978 (C.D. Cal. April 12, 2024), and a ninth was filed in the Northern District of Georgia, *see Mason v. General Motors, LLC*, Case No. 1:24-cv-01558-TWT (N.D. Ga. April 12, 2024). Defendants have not yet been served, and no responsive pleadings have been filed in those actions. While *Valencia* and *Mason* were not included in the Motion for Transfer and Centralization, Defendants expect that, to the extent the JPML agrees the cases should be consolidated, the cases will be transferred and centralized along with the remaining cases.

Cal. March 29, 2024) (collectively, the "Pending Actions").[2] As in this case, no responsive pleadings have been filed in the Pending Actions.

On April 5, 2024, Central District of California plaintiff Thongsawang filed a Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 with the JPML, *see IN RE: Consumer Vehicle Driving Data Tracking Litigation*, Case MDL No. 3115, Dkt. 1 (U.S. Jud. Pan. Mult. Lit. April 5, 2024), which was accepted for filing on April 9, 2024, *see id.* Dkt. 3 (U.S. Jud. Pan. Mult. Lit. April 9, 2024). The JPML promptly set the motion for the JPML's upcoming May 30, 2024 hearing session, and ordered the parties to Respond and Reply by April 26, 2024 and May 3, 2024, respectively. *See id.* Dkt. 4 (U.S. Jud. Pan. Mult. Lit. April 9, 2024). A ruling on the Motion for Transfer and Centralization is expected shortly after the May 30 hearing.

On April 10, 2024, GM and OnStar conferred with Plaintiff in this action and obtained Plaintiff's consent to a stay pending resolution of the Motion for Transfer and Centralization pending before the JPML. As of April 15, 2024, plaintiffs in all of the related Pending Actions in which one or all Defendants have been served have also consented to stay their respective cases.[3] Defendants will endeavor to secure plaintiffs' consent to stay the remaining litigations promptly after service is effectuated.

## II. LEGAL STANDARD

This Court has wide discretion to stay proceedings in cases before it. As the Supreme Court observed long ago, "the power to stay proceedings is incidental to the power inherent in

---

[2] Defendants identified the Pending Actions in their April 12, 2024 Notice of Pending, Refiled, Related, or Similar Actions. *See* ECF No. 14.

[3] Plaintiff Thongsawang's counsel said she would agree to stay that case if Defendants obtained the approval of plaintiffs' counsel to stay the other cases in which Defendants have been served. Defendants secured the approval of other counsel and have advised counsel for Thongswang of that fact.

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This Court has likewise noted that "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned." *Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)).

Specifically, this Court has stated that "it is a waste of judicial resources to proceed with [an] instant action when the JPML is considering . . . consolidation." *Gray v. Target Corp.*, No. 13-62769-Civ, 2014 WL 12600138, at *2 (S.D. Fla. Jan. 27, 2014). Thus, "[c]ourts routinely issue stays pending resolution of transfer motions before the JPML," *Ali v. 7-Eleven, Inc.*, No. 22-20328-CIV, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022); *see also, e.g.*, *Ephraim*, 601 F. Supp. 3d at 1275 (noting that "courts frequently grant stays pending the JPML's determination whether to consolidate and transfer cases" (internal quotations omitted)); *Bonenfant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (noting that "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML").

"When determining whether to stay a case pending a motion to the JPML to transfer and consolidate, courts consider three factors: (1) potential prejudice to the non-moving party; (2) potential prejudice to the moving party if the stay is not granted; and (3) conservation of judicial resources." *Ali*, 2022 WL 713665, at *2 (citing *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010)). Where, as here, an "action is in its infancy," the JPML is set to resolve a motion to transfer in short order, and defendants have "agreed with the

plaintiffs in [the] other similar actions before the JPML to stay those actions pending the JPML's determination," a stay is particularly appropriate. *Ephraim*, 601 F. Supp. 3d at 1275–76.

### III. ARGUMENT

All three relevant factors support the entry of a stay in this action.

*First*, Plaintiff will not be prejudiced by a modest stay of this action pending the JPML's resolution of the Motion for Transfer and Centralization. Plaintiff has consented to a stay while the JPML considers the Motion for Transfer and Centralization, confirming Plaintiff will suffer no prejudice. *See Anderson v. Fortra LLC*, No. 23-CV-533 (SRN/DTS), 2024 WL 195648, at *3 (D. Minn. Jan. 18, 2024) (granting stay and noting the plaintiffs "do not argue that a stay in this matter would cause them significant further harm"). Additionally, the requested stay will likely be short in duration, as the JPML is likely to quickly resolve the Motion for Transfer and Centralization after the hearing set for May 30, 2024. *See Gray*, No. 13-62769-CIV, 2014 WL 12600138, at *2 (S.D. Fla. Jan. 27, 2014) ("[T[he JPML is typically prompt in determining whether a transfer is appropriate."). Further, this case is still in its infancy—Defendants have not yet responded to the Complaint, no schedule has been entered, and no motions are pending before the Court. *See, e.g.*, *Ephraim*, 601 F. Supp. 3d at 1275–76 (granting stay and noting that "action is in its infancy, and Defendant has yet to file a response to the Complaint"); *Ali*, 2022 WL 713665, at *2 (similar).

*Second*, Defendants (and likely all parties) would suffer prejudice absent a stay of this case. Given that nine (9) related putative class actions have been filed against Defendants raising substantially the same factual and legal theories, the JPML is likely to grant the Motion for Transfer and Centralization pending before it. *See, e.g.*, *In re: Toys "R" Us- Delaware, Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 581 F. Supp. 2d 1377, 1377 (J.P.M.L. 2008) (ordering consolidation where only two similar actions were pending). And if the JPML were to

grant that Motion, the MDL transferee judge would likely enter case management orders addressing (among other things) the appointment of Plaintiffs' leadership counsel; the deadline for a consolidated, superseding complaint; Defendants' deadline to respond to such complaint; and other procedural matters. *See, e.g.*, Ann. Manual Complex Lit. § 21.11 (4th ed.). Accordingly, it would be a waste of party time and resources for Defendants to have to prepare a motion or other response to the Complaint in this case—including a motion to compel arbitration[4]—as it is likely that those efforts will be mooted upon consolidation and transfer by the JPML. *See Ephraim*, 601 F. Supp. 3d at 1276 (noting potential prejudice to the defendant of duplicative litigation). Further, Defendants have secured consent to stay all Pending Actions for which an attendant complaint has been served (from 4 of the 9 other plaintiffs) and intend to seek consent from the remaining plaintiffs once service is effectuated. *See Ephraim*, 601 F. Supp. 3d at 1276 (stay was appropriate where defendant "agreed with the plaintiffs in [the] other similar actions before the JPML to stay those actions pending the JPML's determination").

*Third*, and finally, a brief stay pending the JPML's decision would conserve judicial resources. The purpose of an MDL is to coordinate and consolidate pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see also In re: Zantac (Ranitidine) Prods. Liab. Litig.*, 339 F.R.D. 669, 685 (S.D. Fla. 2021) ("[T]he purpose of an MDL [is] to centralize proceedings and eliminate duplicate and inconsistent filings." (citing *In re: Fountainebleau Las Vegas Contract Litig.*, No.09-MD-02106-CIV, 2011 WL 13115470, at *4 (S.D. Fla. Jan. 13, 2011))). "[S]taying this action pending the JPML's decision on the motion for transfer . . . eliminates the possibility of

---

[4] Defendants expressly reserve their arbitration defenses and right to move to compel arbitration, whether in this action or in any consolidated action ordered by the JPML.

6

inconsistent rulings and duplicative litigation." *Ephraim*, 601 F. Supp. 3d at 1276.  Given that the Pending Actions raise many overlapping factual and legal questions, including threshold issues such as whether plaintiffs' claims against the Defendants should be compelled to arbitration, interests of judicial efficiency and consistency favor having those issues addressed by a single judge in a centralized, rather than a piecemeal, fashion.

Moreover, this Court has noted that it would be "a waste of judicial resources to proceed with [a case] when the JPML is considering the consolidation of" cases in an MDL.  *Gray*, 2014 WL 12600138, at *2; *see also Pulley v. JPMorgan Chase Bank, N.A.*, No. 12-60936-CIV, 2012 WL 2838677, at *1 (S.D. Fla. July 10, 2012) (noting that "a stay pending an MDL transfer motion . . . can increase efficiency and consistency") (internal quotations omitted)).  That is especially true here.  Whether or not the Pending Actions are consolidated by the JPML, concerns of judicial efficiency and consistency warrant a stay until the JPML determines whether the various overlapping factual and legal issues should be decided by a single judge.  By contrast, addressing those issues in each individual pending action could lead to inconsistent outcomes.  And inconsistent rulings, particularly on threshold issues like arbitration, could seriously complicate further proceedings in this litigation as a whole.

In summary, all three factors the Court considers in assessing a motion to stay weigh in favor of briefly staying this action pending the JPML's resolution of the pending Motion for Transfer and Centralization.

IV.     **CONCLUSION**

For these reasons, Defendants, with the consent of Plaintiff, respectfully request that this case be stayed pending a ruling from the JPML on the Motion for Transfer and Centralization.  A proposed order is attached hereto as Exhibit 1.

7

## **LOCAL RULE 7.1(a)(3) CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a)(3), counsel certifies that counsel for movants have conferred with all parties who may be affected by the relief sought in the motion, and all parties consent to the relief requested herein.

Dated:  April 15, 2024

| | |
|---|---|
| **KING & SPALDING LLP**<br>Southeast Financial Center<br>200 S. Biscayne Boulevard<br>Suite 4700<br>Miami, FL 33131<br>Telephone: (305) 462-6000<br>Facsimile: (305) 462-6100<br><br>By: */s/ Ross E. Linzer*<br><br>Ross E. Linzer<br>Florida Bar No.: 0073094<br>E-mail: rlinzer@kslaw.com<br>E-mail: miamilit@kslaw.com<br><br>*Counsel for Defendants General Motors LLC and OnStar LLC* | **TROUTMAN PEPPER HAMILTON SANDERS LLP**<br>301 S. College Street, 34th Floor<br>Charlotte, NC 28202<br>Telephone: (704) 916-1504<br><br>By: */s/ Andrew Atkins*<br><br>Andrew Atkins (*with express permission*)<br>Florida Bar No.: 92689<br>E-mail: andrew.atkins@troutman.com<br><br>*Counsel for Defendant LexisNexis Risk Solutions Inc.* |