## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:24-cv-80281-DMM

| | |
|---|---|
| ROMEO CHICCO, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, ONSTAR, LLC, LEXISNEXIS RISK SOLUTIONS INC.<br><br>        Defendants. | Class Action Complaint |

## DEFENDANTS GENERAL MOTORS LLC'S AND ONSTAR, LLC'S ANSWER AND DEFENSES TO CLASS ACTION COMPLAINT

COME NOW Defendants General Motors LLC ("GM") and OnStar, LLC ("OnStar," and with GM, "Defendants") and file their Answer and Defenses to Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint") as follows:

### GENERAL DENIAL

Defendants deny any and all liability under Plaintiff's causes of action as alleged in the Complaint. Further, Defendants maintain that Plaintiff is required to submit his claims to binding arbitration pursuant to an enforceable contract containing a valid arbitration provision that Plaintiff accepted. As such, Defendants expressly reserve their arbitration defenses and right to move to compel arbitration.

Defendants expressly deny each and every allegation in the Complaint that is not admitted, denied, or otherwise addressed below.

1

## ANSWERING THE SECTION TITLED "INTRODUCTION"

1.     The allegations in Paragraph 1 state legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations stated in Paragraph 1.

2.     The allegations in Paragraph 2 state legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations stated in Paragraph 2.

3.     Defendants admit that Plaintiff purports to bring an action against GM, OnStar, and Lexis regarding the allegations in the Complaint.  Defendants deny the remaining allegations stated in Paragraph 3.

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, deny those allegations.

5.     Defendants deny the allegations stated in Paragraph 5.

6.     Defendants deny the allegations stated in Paragraph 6.

7.     Defendants deny the allegations stated in Paragraph 7.

8.     Defendants admit that Plaintiff purports to refer to Defendants and their agents, employees, officers, members and directors when referring to Defendants in the Complaint. Defendants deny that Defendants or their agents are liable for the conduct alleged in the Complaint and, on that basis, deny those allegations.

## ANSWERING THE SECTION TITLED "JURISDICTION AND VENUE"

9.     Defendants deny the allegations stated in Paragraph 9.

10.    Defendants deny the allegations stated in Paragraph 10.

2

11.     Defendants deny the allegations stated in Paragraph 11.

### **ANSWERING THE SECTION TITLED "PARTIES"**

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 12 and, on that basis, deny those allegations. The allegations in the second sentence of Paragraph 12 state legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations stated in the second sentence of Paragraph 12.

13.     Defendants admit that Defendant General Motors LLC is a limited liability company registered with the Florida Secretary of State and that it conducts business in Florida. Defendants deny any remaining allegations in Paragraph 13.

14.     Defendants admit that Defendant OnStar, LLC is a limited liability company registered with the Florida Secretary of State and that it conducts business in Florida.  Defendants deny any remaining allegations in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny those allegations.

16.     Defendants admit the allegations in Paragraph 16.

17.     Upon information and belief, Defendants admit the allegations in Paragraph 17.

### **ANSWERING THE SECTION TITLED "GENERAL ALLEGATIONS"**

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny those allegations.

3

19.   Defendants admit the allegations stated in Paragraph 19 as to GM and OnStar. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 as to Defendant Lexis and, on that basis, deny those allegations.

20.   Upon information and belief, Defendants admit the allegations in Paragraph 20.

21.   Upon information and belief, Defendants admit that Plaintiff was presented with various materials at the time of his vehicle purchase, including documents reflecting the purchase price, predelivery service fees, tag agency fees, warranty fees, taxes, and other official fees. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 21 and, on that basis, deny those allegations.

22.   Defendants deny the allegations stated in Paragraph 22.

23.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, deny those allegations.

24.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, deny those allegations.

25.   Upon information and belief, Defendants admit that Plaintiff downloaded the MyCadillac Application and created an account using his gmail email address. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 25 and, on that basis, deny those allegations.

26.   Defendants admit that an OnStar welcome email was sent to Plaintiff's yahoo email address on November 18, 2021 that contained the content set forth in Paragraph 26, among other information.  Defendants' records further reflect that this email was opened.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 26, and on that basis, deny those allegations.

27.     Defendants state that GM's records reflect that Plaintiff enrolled in OnStar services on November 16, 2021.  Defendants further state that OnStar services began upon that enrollment, and that pushing the blue OnStar button provides an opportunity for customers to connect with an OnStar Advisor to have a Welcome Call and further educate themselves about their enrolled OnStar services should they choose to do so.  Upon information and belief, Defendants admit that Plaintiff did not press the blue OnStar button in his vehicle on November 18, 2021.  Defendants further state that the OnStar welcome email sent to Plaintiff on November 18, 2021 provided ways to obtain additional information about OnStar services, which include Smart Driver.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 regarding what Plaintiff "want[ed]" and, on that basis, deny those allegations.  Defendants deny any remaining allegations stated in Paragraph 27.

28.     Defendants admit that Plaintiff was emailed OnStar diagnostic reports.  Defendants further state that the OnStar welcome email sent to Plaintiff on November 18, 2021 and the diagnostic report emails have links to the OnStar terms and conditions and Privacy Statement, which mention data sharing with third parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28 regarding Plaintiff's "belie[f]" and, on that basis, deny those allegations.  Defendants deny any remaining allegations stated in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, deny those allegations.

30.     Defendants admit that OnStar collects driving behavior data with customer consent but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, on that basis, deny those allegations.

31.     Upon information and belief, Defendants state that Plaintiff used a gmail email address to create his profile in the online Cadillac Owner Center that was different than the yahoo email address he used to enroll in OnStar services.  Defendants further state that Plaintiff did not connect his gmail address to an OnStar account.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, on that basis, deny those allegations.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, deny those allegations.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, deny those allegations.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, deny those allegations.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, deny those allegations.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny those allegations.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, deny those allegations.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny those allegations.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, deny those allegations.

40.     Defendants deny that Plaintiff's driving data was collected without his consent. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, deny those allegations.

41.     Defendants admit that, on or around January 11, 2024, an individual purporting to be Romeo Chicco spoke with a Cadillac Customer Assistance representative and an OnStar Member Loyalty Team advisor.  Defendants also admit that GM's records reflect that Plaintiff enrolled in OnStar services on November 16, 2021, and certain OnStar services were active as of January 11, 2024.  With respect to the remaining allegations in Paragraph 41, Defendants state that the call speaks for itself.  To the extent those allegations purport to summarize or characterize the content of the call, Defendants deny those allegations in Paragraph 41.

42.     Defendants state that GM's records reflect that Plaintiff enrolled in the OnStar Smart Driver program on November 16, 2021.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, on that basis, deny those allegations.

43.     Defendants state that GM's records reflect that Plaintiff enrolled in OnStar services and separately enrolled in Smart Driver services on November 16, 2021.  Defendants deny that they distributed Plaintiff's telematics information without his consent.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, on that basis, deny those allegations.

44.     Defendants state that GM's records reflect that Plaintiff enrolled in the OnStar Smart Driver services on November 16, 2021.  Defendants deny that Plaintiff never authorized GM to share his driving information.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, on that basis, deny those allegations.

45.     Defendants admit that, on or around January 16, 2024, an individual purporting to be Romeo Chicco spoke with an OnStar advisor.  Defendants further state that GM's records reflect that Plaintiff enrolled in the Smart Driver services on November 16, 2021 and later unenrolled in Smart Driver on January 11, 2024 through an OnStar advisor.  With respect to the remaining allegations in Paragraph 45, Defendants state that the call speaks for itself.  To the extent those allegations purport to summarize or characterize the content of the call, Defendants deny those allegations in Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, deny those allegations.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, deny those allegations.

48.     Defendants state that GM's records reflect that Plaintiff enrolled in the OnStar Smart Driver services on November 16, 2021.  Defendants deny that Plaintiff's driving data was distributed without his consent.  Defendants admit that, on or around January 16, 2024, an individual purporting to be Romeo Chicco spoke with an OnStar advisor.  With respect to the remaining allegations in Paragraph 48, Defendants state that the call speaks for itself.  To the extent

those allegations purport to summarize or characterize the content of the call, Defendants deny those allegations in Paragraph 48.

49.     Defendants admit that, on or around February 12, 2024, an individual purporting to be Romeo Chicco spoke with a Member Loyalty Team advisor.  Defendants also state that GM's records reflect that Plaintiff enrolled in OnStar services and separately enrolled in the Smart Driver services on November 16, 2021 and unenrolled in Smart Driver on January 11, 2024 through an OnStar advisor.  Defendants further state that GM's records reflect that Plaintiff was enrolled in certain OnStar services as of February 12, 2024.  Upon information and belief, Defendants state that Plaintiff used a gmail email address to log into the MyCadillac Application and create his profile in the online Cadillac Owner Center that was different than the yahoo email address he used to enroll in OnStar services.  Defendants further state that Plaintiff did not connect his gmail address to an OnStar account.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 49 regarding how Plaintiff "felt" and, on that basis, deny those allegations.  With respect to the remaining allegations in Paragraph 49, Defendants state that the call speaks for itself.  To the extent those allegations purport to summarize or characterize the content of the call, Defendants deny those allegations in Paragraph 49.

50.     Defendants deny the allegations stated in Paragraph 50.

51.     Defendants lack information or knowledge sufficient to form a belief about Plaintiff's "solitude and peace of mind" and, on that basis, deny those allegations and deny all remaining allegations stated in Paragraph 51.

52.     Defendants deny the allegations stated in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 regarding how Plaintiff "felt," and, on that basis, deny those allegations and deny all remaining allegations stated in Paragraph 53.

54.     Defendants deny the allegations stated in Paragraph 54.

55.     Defendants deny the allegations stated in Paragraph 55.

56.     Defendants deny the allegations stated in Paragraph 56.

57.     Defendants admit that the allegations in paragraph 57 purport to quote from the 2021 Cadillac XT6 owner's manual, which speaks for itself.  Defendants deny the allegations stated in Paragraph 57 to the extent they are inconsistent with or misconstrue the owner's manual.

58.      Defendants admit that the allegations in Paragraph 58 purport to quote from the MyCadillac Application Terms of Service, which speak for themselves.  Defendants deny the allegations stated in Paragraph 58 to the extent they are inconsistent with or misconstrue the Terms of Service. Defendants admit the remaining allegations in paragraph 58.

59.     Defendants admit that the allegations in Paragraph 59 purport to quote from the OnStar User Terms, which speaks for themselves.  Defendants deny the allegations stated in Paragraph 59 to the extent they are inconsistent with or misconstrue OnStar's User Terms.

60.     Defendants admit that the allegations in Paragraph 60 purport to quote from the OnStar Privacy Statement for Application Services, which speaks for itself.  Defendants deny the allegations stated in Paragraph 60 to the extent they are inconsistent with or misconstrue the Privacy Statement.

61.     Defendants admit that the allegations in Paragraph 61 purport to quote from the OnStar Privacy Statement, which speaks for itself.  Defendants deny the allegations stated in

Paragraph 61 to the extent they are inconsistent with or misconstrue the Privacy Statement. Defendants admit that the OnStar Privacy statement discloses to consumers that GM may share data with certain third parties, including usage based insurance providers.

62.     Defendants admit that the allegations in Paragraph 62 purport to quote from the OnStar Privacy Statement, which speaks for itself. Defendants deny the allegations stated in Paragraph 62 to the extent they are inconsistent with or misconstrue the Privacy Statement. Defendants deny all remaining allegations in Paragraph 62.

63.     Defendants deny the allegations stated in Paragraph 63.

64.     Defendants deny the allegations stated in Paragraph 64.

65.     Defendants deny the allegations stated in Paragraph 65.

66.     Defendants deny the allegations stated in Paragraph 66.

67.     Defendants deny the allegations stated in Paragraph 67.

68.     Defendants deny the allegations stated in Paragraph 68.

69.     Defendants admit that the allegations in Paragraph 69 purport to quote from a New York Times article, which speaks for itself.  Defendants deny the allegations stated in Paragraph 69 to the extent they are inconsistent with or misconstrue the New York Times article referenced, and specifically deny that data-sharing occurs absent consumers' consent.  Defendants deny any remaining allegations in Paragraph 69.

## ANSWERING THE SECTION TITLED "CLASS ALLEGATIONS"

70.     Defendants admit that Plaintiff purports to assert claims on behalf of various putative classes. Defendants deny the remaining allegations in Paragraph 70 and specifically deny that this action may or should be maintained or properly prosecuted as a class action, deny that the classes

defined by Plaintiff may be certified, and further deny that any class may or should be certified in this action.

71.     Defendants admit that Plaintiff purports to assert claims on behalf of various putative classes. Defendants deny the remaining allegations in Paragraph 71 and specifically deny that this action may or should be maintained or properly prosecuted as a class action, deny that the classes defined by Plaintiff may be certified, and further deny that any class may or should be certified in this action.

72.     Defendants deny the allegations stated in Paragraph 72.

73.     Defendants deny the allegations stated in Paragraph 73.

74.     Defendants deny the allegations stated in Paragraph 74.

75.     Defendants deny the allegations stated in Paragraph 75, including subparts (a) through (g).

76.     Defendants deny the allegations stated in Paragraph 76.

77.     Defendants deny the allegations stated in Paragraph 77.

78.     Defendants deny the allegations stated in Paragraph 78.

79.     Defendants deny the allegations stated in Paragraph 79.

80.     Defendants deny the allegations stated in Paragraph 80.

**COUNT I**
**Knowing and/or Willful Violation of the FCRA, 15 U.S.C. § 1681e(b)**
**(on behalf of Plaintiff and the Class Against LexisNexis Only)**

81.     Defendants incorporate by reference, as if set forth fully verbatim herein, their answers and defenses to the above Paragraphs.

82.     The allegations in Paragraph 82 are not directed to Defendants, and thus do not require a response from Defendants.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, deny those allegations.

83.     The allegations in Paragraph 83 are not directed to Defendants, and thus do not require a response from Defendants.   To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 are not directed to Defendants, and thus do not require a response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, deny those allegations.

85.     The allegations in Paragraph 85 are not directed to Defendants, and thus do not require a response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, deny those allegations.

86.     The allegations in Paragraph 86 are not directed to Defendants, and thus do not require a response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, deny those allegations.

87.     The allegations in Paragraph 87 are not directed to Defendants, and thus do not require a response from Defendants. To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

87 and, on that basis, deny those allegations.

## COUNT II
### Violations of the Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 Et. Seq.
### (On Behalf of Plaintiff and the Class Against All Defendants)

88.    Defendants incorporate by reference, as if set forth fully verbatim herein, their

answers and defenses to the above Paragraphs.

89.    Defendants deny the allegations stated in Paragraph 89.

90.    Defendants deny the allegations stated in Paragraph 90.

91.    Defendants deny the allegations stated in Paragraph 91.

92.    Defendants deny the allegations stated in Paragraph 92.

93.    Defendants deny the allegations stated in Paragraph 93.

## COUNT III
### Violations of the Florida Common-Law Invasion of Privacy
### (On Behalf of Plaintiff and the Class Against All Defendants)

94.    The allegations in Paragraph 94 state legal conclusions to which no response is

required.  To the extent a response may be required, Defendants deny the allegations stated in

Paragraph 94.

95.    The allegations in Paragraph 95 state legal conclusions to which no response is

required.  To the extent a response may be required, Defendants deny the allegations stated in

Paragraph 95.

96.    The allegations in Paragraph 96 state legal conclusions to which no response is

required.  To the extent a response may be required, Defendants deny the allegations stated in

Paragraph 96.

97.     Defendants deny the allegations stated in Paragraph 97.

98.     Defendants deny the allegations stated in Paragraph 98.

## ANSWERING THE PARAGRAPH BEGINNING WITH "WHEREFORE"

Defendants deny that they are liable or indebted to Plaintiff or any putative class members in any manner or amount and also deny that Plaintiff or any putative class members are entitled to any of the relief requested in this Paragraph from Defendants, or any other relief whatsoever. Defendants further deny all the remaining allegations stated in the Paragraph beginning with "WHEREFORE," including all ten (10) bullets in that Paragraph.

## ANSWERING THE SECTION TITLED "TRIAL BY JURY"

Defendants deny that Plaintiff is entitled to a trial by jury on any of his claims.

## DEFENSES

By alleging the defenses set forth below, Defendants do not concede that they have the burden of proof or persuasion with respect to any of these issues.

## FIRST DEFENSE

The agreements that Plaintiff and/or some or all members of the putative classes signed contain valid, binding arbitration clauses that require some or all of the claims asserted herein to be resolved through arbitration.

## SECOND DEFENSE

The claims made by Plaintiff and the putative class members on whose behalf Plaintiff purports to sue fail, in whole or in part, to the extent that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to a binding arbitration agreement.

## THIRD DEFENSE

The arbitration clauses signed by Plaintiff and/or some or all members of the putative class contain enforceable class action waivers that preclude Plaintiff's and/or other members' class claims.

## FOURTH DEFENSE

The claims made by Plaintiff and the putative class members on whose behalf Plaintiff purports to sue are barred, in whole or in part, because some or all of them lack standing to bring this action, pursue the claims on behalf of a nationwide putative class, and seek the relief requested.

## FIFTH DEFENSE

The claims made by Plaintiff and the putative class members may be preempted, in whole or part, by federal law, including but not limited to the Fair Credit Reporting Act.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE

Plaintiff's claims and those of the putative class members may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

## EIGHTH DEFENSE

The agreements that Plaintiff and/or some or all members of the putative classes signed contain valid limitation of liability clauses that preclude some or all of Plaintiff's and putative class members' claims.

16

## NINTH DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent they have failed to mitigate their damages.

## TENTH DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent that this Court lacks personal jurisdiction over their claims.

## ELEVENTH DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent that this Court is an improper venue to adjudicate their claims.

## TWELFTH DEFENSE

Plaintiff and the putative class members may not seek equitable relief because they have an adequate remedy at law.

## THIRTEENTH DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent they are moot.

## FOURTEENTH DEFENSE

Plaintiff's claims and those of the putative class members are barred or any alleged damages must be reduced to the extent any injury they sustained was caused by their own negligent or intentional conduct and/or the negligent or intentional conduct of third parties.

## FIFTEENTH DEFENSE

Plaintiff and the putative class members are barred from recovering any alleged damages to the extent they are more than fifty (50) percent at fault for causing such alleged damages.

## SIXTEENTH DEFENSE

Any claim for damages, restitution, or other monetary recovery by Plaintiff or members of the putative classes must be offset and reduced by the value received from the vehicles purchased or leased.

## SEVENTEENTH DEFENSE

The claims of Plaintiff and the putative class members are barred, in whole or in part, to the extent they are subject to the doctrines of *res judicata*, collateral estoppel, release, accord and satisfaction, settlement, arbitration and award, fraud, offset, and voluntary payment.

## EIGHTEENTH DEFENSE

Plaintiff's claims and those of the putative class members may be barred by the doctrines of consent, estoppel, laches, unclean hands, and/or waiver.

## NINETEENTH DEFENSE

Plaintiff's and the putative class members' recovery against Defendants is barred to the extent that there are superseding and/or intervening causes for the alleged damages.

## TWENTIETH DEFENSE

The Complaint fails to state facts sufficient to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because, *inter alia*, the putative classes are inadequately defined and unascertainable, Defendants have not acted or refused to act on grounds that apply generally to the putative classes, the monetary relief requested is not incidental to the injunctive relief sought, the putative classes are not so numerous that joinder is impracticable, the claims lack commonality and typicality, the named Plaintiff and his counsel cannot adequately protect the

interests of the classes, common questions of law and/or fact do not predominate, and a class action is not the superior method for adjudicating this dispute.

### TWENTY-FIRST DEFENSE

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiff and the putative class members have enjoyed the full benefit of their purchase of their respective vehicles.

### TWENTY-SECOND DEFENSE

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because the damages sought by Plaintiff and the putative class members are speculative, remote, and impossible to ascertain.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff seeks punitive or exemplary damages, the Complaint violates Defendants' right to due process protected under the Fifth and Fourteenth Amendments of the United States Constitution and the right to protection against excessive fines under the Eighth Amendment of the United States Constitution, and the analogous provisions contained in the Constitutions of various jurisdictions at issue in this litigation.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims and the claims of the putative class members may be barred, in whole or in part, by the economic loss rule, the mere breach of contract defense, and/or other analogous doctrines or principles.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims and the claims of the putative class members may be barred, in whole or in part, to the extent Plaintiff failed to join a necessary party.

### TWENTY-SIXTH DEFENSE

Defendants deny all allegations not expressly admitted, including but not limited to the allegations in headings and footnotes in the Complaint and exhibits to the Complaint, and specifically reserves all affirmative or other defenses that it may have against Plaintiff and the putative classes.  It is not necessary at this time for Defendants to delineate defenses against the putative class because no class has been certified and the putative class members are not parties to this litigation.

### TWENTY-SEVENTH DEFENSE

Defendants incorporate by reference any defenses raised by other defendants.

### RESERVATION OF RIGHTS

Defendants reserve the right to raise such additional affirmative or other defenses as may become available or appear upon further developments in this case.

\*       \*       \*

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff and the putative classes take nothing;

2.      That Plaintiff's claims be compelled to arbitration;

3.      That, alternatively, the Court enter judgment in favor of Defendants on each cause of action alleged against them in the Complaint;

    4.     That Defendants be awarded their costs, expenses, and reasonable attorneys' fees; and

    5.     That the Court grant Defendants all further legal and equitable relief that it deems just and proper.

## **JURY TRIAL DEMANDED**

To the extent this case is not compelled to arbitration, Defendants hereby demand a trial by jury on all claims triable by jury.

Dated:  April 22, 2024          Respectfully submitted,

                **KING & SPALDING LLP**
                Southeast Financial Center
                200 S. Biscayne Boulevard
                Suite 4700
                Miami, FL  33131
                Telephone: (305) 462-6000
                Facsimile: (305) 462-6100

By:    */s/ Ross E. Linzer*
                Ross E. Linzer
                Florida Bar No.:  0073094
                E-mail: rlinzer@kslaw.com
                E-Mail:  miamilit@kslaw.com

                *Counsel for Defendants General Motors LLC and OnStar, LLC*