UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-80281-DMM

| | |
|---|---|
| ROMEO CHICCO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, ONSTAR LLC, LEXISNEXIS RISK SOLUTIONS INC.<br><br>Defendants. | Class Action Complaint |

**JOINT MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO MODIFY THE EXISTING TRIAL DATE
AND INCORPORATED MEMORANDUM OF LAW**

Defendants General Motors LLC ("GM") and OnStar, LLC ("OnStar"), and LexisNexis Risk Solutions Inc. ("Lexis" and, collectively, "Defendants"), together with Plaintiff Romeo Chicco ("Plaintiff"), respectfully and jointly request that the Court reconsider its April 19 Order denying Defendants' unopposed motion to stay (Dkt. 19). As explained in further detail below, a brief stay of this case until June 30, 2024 is warranted in light of several key factual developments relating to efforts to centralize this case and what are now 19 related cases before the Judicial Panel on Multidistrict Litigation ("JPML"). In the alternative, and in the event the Court is not inclined to reconsider its Order, the parties request that the November 18, 2024 trial date in this case be continued for six (6) months.

I. **BACKGROUND**

On April 15, 2024, following the filing of the Motion for Transfer and Centralization with the JPML, *IN RE: Consumer Vehicle Driving Data Tracking Litigation*, Case MDL No. 3115, Dkt. 1 (U.S. Jud. Pan. Mult. Lit. April 5, 2024), Defendants filed an Unopposed Motion to Stay Pending

JPML Ruling. Dkt. 17. At that time, this case was one of nine (9) putative class actions filed in six (6) separate federal jurisdictions in connection with Defendants' alleged collection and publication of certain driving data. *Id*. 17 at 2-3. On April 19, 2024, the Court denied the unopposed motion, finding that "[g]ranting a stay would indefinitely prolong this proceeding, as there is no guarantee how or when the panel will rule." Dkt. 19. The Court subsequently set the case for trial "during the two-week trial period commencing November 18, 2024[.]" Dkt. 20.

Since the Court's April 19 Order, the number of pending related cases has more than doubled. As of the filing of this Motion, this case is one of twenty (20) separate lawsuits currently pending in eight (8) different federal jurisdictions challenging Defendants' alleged collection and disclosure of driving data. In addition to this case, lawsuits have been filed in: (1) the Eastern District of Michigan, *Reed v. General Motors LLC, et al.*, Case No. 2:24-cv-10804 (E.D. Mich. Mar. 28, 2024); *Block v. General Motors LLC, et al.*, Case No. 2:24-cv-10824 (E.D. Mich. Mar. 31, 2024); *Carnine v. General Motors LLC, et al.*, Case No. 2:24-cv-11004 (E.D. Mich. Apr. 16, 2024); *Cogle v. General Motors LLC, et al.*, Case No. 2:24-cv-11062 (E.D. Mich. Apr. 22, 2024); *Lima v. General Motors LLC, et al.*, Case No. 2:24-cv-11119 (E.D. Mich. Apr. 26, 2024); *Laursen v. General Motors LLC, et al.*, Case No. 2:24-cv-11153 (E.D. Mich. May 1, 2024); *Drews v. General Motors LLC, et al.,* Case No. 2:24-cv-11194 (E.D. Mich. May 3, 2024); (2) the Central District of California, *King v. General Motors LLC, et al.*, Case No. 2:24-cv-02560 (C.D. Cal. Mar. 28, 2024); *Thongsawang v. General Motors LLC, et al.*, Case No. 8:24-cv-00695 (C.D. Cal. Mar. 29, 2024); *Valencia v. General Motors LLC, et al.*, Case No. 2:24-cv-02978 (C.D. Cal. Apr. 12, 2024); *Garcia v. General Motors LLC, et al.*, Case No. 2:24-cv-03515 (C.D. Cal. Apr. 30, 2024); (3) the Northern District of California, *Smith v. General Motors LLC, et al.*, Case No. 3:24-cv-02540 (N.D. Cal. Apr. 26, 2024); (4) the Southern District of New York, *Landman v. General*

*Motors LLC, et al.*, Case No. 1:24-cv-02238 (S.D.N.Y. Mar. 25, 2024); *Davids v. General Motors LLC, et al.*, Case No. 1:24-CV-03203 (S.D.N.Y. Apr. 26, 2024); (5) the District of Minnesota, *Behm v. General Motors LLC, et al.*, Case No. 0:24-cv-01517 (D. Minn. Apr. 26, 2024); (6) the Northern District of Georgia, *Mason v. General Motors LLC et al.*, Case No. 1:24-cv-01558 (N.D. Ga. Apr. 12, 2024); *Figlio v. General Motors LLC, et al.*, Case No. 1:24-cv-01669 (N.D. Ga. Apr. 12, 2024); *LaFalce v. General Motors LLC, et al.*, 1:24-cv-01807 (N.D. Ga. Apr. 25, 2024); and (7) the Middle District of Pennsylvania, *Dinardo v. General Motors LLC, et al.*, Case No. 3:24-cv-00524 (M.D. Pa. Mar. 27, 2024) (the "Pending Actions").

Before the JPML, *all* plaintiffs and Defendants in the Pending Actions have supported the creation of an MDL for centralized proceedings. Additionally, Plaintiff in this case has advocated to the JPML that he supports consolidation but in the Central District of California—not in this Court. *IN RE: Consumer Vehicle Driving Data Tracking Litigation*, Case MDL No. 3115, Dkt. 43 (U.S. Jud. Pan. Mult. Lit. April 25, 2024). The GM Defendants have advised the JPML that they believe consolidation would be appropriate in the Eastern District of Michigan, where now seven (7) cases are pending and where the GM Defendants are headquartered.[1] LexisNexis has joined in the request that these cases be consolidated in the Eastern District of Michigan or has requested that the Panel consolidate the cases in the Northern District of Georgia, where it is headquartered (and where three (3) cases are pending). No party has argued to the JPML that the cases should be consolidated in this Court. Briefing on the Motion and Transfer and Centralization before the JPML is set to close on May 3, 2024, and is set to be heard in just three weeks at the

---

[1] The GM Defendants have also argued that the Eastern District of Michigan is an appropriate forum for an MDL because the OnStar Connected Services Terms and Conditions contain an exclusive venue provision, in the event the arbitration clause is deemed unenforceable, providing that all claims must be brought in the state and federal courts of that District.

3

JPML's May 30, 2024 hearing session. *Id.* Dkt. 4 (U.S. Jud. Pan. Mult. Lit. April 9, 2024). A ruling on the Motion for Transfer and Centralization is expected shortly—likely within a week or two—after the May 30 hearing, and all parties expect that the JPML will consolidate the Pending Actions based on prior precedent. Additionally, Defendants have moved, with plaintiffs' consent, to stay several of the Pending Actions pending a decision from the JPML. As of this date, all plaintiffs in the Pending Actions have agreed to stay their cases,2 and all of the stay motions that have been filed (aside from the one filed in this case) have been granted. *See Dinardo v. General Motors LLC, et al.*, Case No. 3:24-cv-00524, Dkt. 13 (M.D. Pa. Apr. 17, 2024); *Reed v. General Motors LLC, et al.*, Case No. 2:24-cv-10804, Dkt. 19 (E.D. Mich. Apr. 25, 2024); *Block v. General Motors LLC, et al.*, Case No. 2:24-cv-10824, Dkt. 20 (E.D. Mich. Apr. 25, 2024). Defendants expect that the additional consent motions will be filed within the next two weeks.

## II.      ARGUMENT

### A. A Change of Circumstances Warrants Reconsideration of The Court's Denial of a Stay and a Stay of this Case Through June 30, 2024.

This Court has held that "[m]otions for reconsideration are appropriate where . . . there is an intervening change in . . . the facts of a case." *Knight v. Dep't of Transportation*, No. 06-80961-CIV, 2007 WL 9701776, at *1 (S.D. Fla. Mar. 30, 2007).[3] As explained above, in the two weeks

---

2 *Drews* was filed today, on May 3, 2024, and Defendants have not yet been in touch with plaintiffs' counsel regarding that action. That said, the law firm representing the plaintiffs in *Drews* also represents several other Michigan-based plaintiffs and has agreed to stay all of those actions. Accordingly, Defendants expect to secure agreement to stay in short order.

[3] Whether the Court considers this motion under Rule 59 or Rule 60, the applicable standard will still depend on the availability of new evidence not available at the time of the original motion. *See, e.g.*, *Hoti v. Barkley Master Ass'n, Inc.*, No. 18-CV-80484, 2019 WL 11660555, at *1 (S.D. Fla. June 17, 2019) (noting that both Rule 59 and Rule 60 motions for reconsideration can be based on "newly discovered evidence").

4

since the Court's Order denying the Unopposed Motion to Stay Pending JPML Ruling, there have been significant intervening changes in the facts and circumstances related to this case. First, eleven (11) additional actions have been filed, bringing the total number of Pending Actions up to twenty (20). In addition to the fact that all interested parties who have appeared before the JPML agree centralization is appropriate, the fact that there are now 20 Pending Actions make it even more likely that the JPML will rule that consolidation is proper. *See, e.g., In re: Toys "R" Us-Delaware, Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 581 F. Supp. 2d 1377, 1377 (J.P.M.L. 2008) (ordering consolidation where only *two* similar actions were pending); *In re: Auto. Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367 (J.P.M.L. 2012) (consolidating pending actions when "[a]ll responding parties agree that centralization of these actions is appropriate").

Further, and critically, Plaintiff Chicco has consented to and advocated for consolidation and transfer of this action to the Central District of California, not the Southern District of Florida. *IN RE: Consumer Vehicle Driving Data Tracking Litigation*, Case MDL No. 3115, Dkt. 43 (U.S. Jud. Pan. Mult. Lit. April 25, 2024). And because all parties have thus far agreed the Pending Actions should be centralized, all plaintiffs have indicated agreement to stay their cases and motions to stay have been filed and granted in three other Pending Actions, with more to be filed in the next week. This case is the only Pending Action that is currently proceeding and has been set for trial, requiring the parties to expend potentially unnecessary resources discussing individual case scheduling while at the same time addressing the broader consolidation issues before the JPML. Finally, no party has advocated for transfer to the Southern District of Florida, making it unlikely that this Court would be required to oversee an MDL proceeding—and highly likely that the proceedings (if any) conducted in this action will be needlessly duplicative. *In re: Zantac*

5

*(Ranitidine) Prods. Liab. Litig.*, 339 F.R.D. 669, 685 (S.D. Fla. 2021) ("[T]he purpose of an MDL [is] to centralize proceedings and eliminate duplicate and inconsistent filings." (citing *In re: Fountainebleau Las Vegas Contract Litig.*, No. 09- MD-02106-CIV, 2011 WL 13115470, at *4 (S.D. Fla. Jan. 13, 2011))).

In light of these facts, which were not available when the Court ruled on the Unopposed Motion to Stay, the parties request that this Court reconsider its Order denying the motion and stay this case until June 30, 2024 to give the JPML time to reach its decision. June 30, 2024 is an appropriate, definite date for the expiration of the stay because the JPML typically decides transfer and centralization questions within mere weeks of the hearing. *See, e.g.*, *Doe as next friend of Doe 1 v. Varsity Brands, LLC*, No. 222CV02657JTFTMP, 2023 WL 3090041, at *3 (W.D. Tenn. Apr. 25, 2023) (granting stay on April 23, 2023 because "the [JPML] has set the hearing on the relevant Motion to Transfer for May 25, 2023" and was expected to decide on transfer within one or two weeks of that hearing); *Gray v. Target Corp.*, No. 13-62769-CIV, 2014 WL 12600138, at *2 (S.D. Fla. Jan. 27, 2014) ("[T[he JPML is typically prompt in determining whether a transfer is appropriate."); David F. Herr, Multidistrict Litigation Manual § 4:27 (May 2024 Update) ("In most cases the [JMPL] decides the matter before it within a short period after arguments are held."). Indeed, after the last JPML hearing on March 28, 2024, nearly every transfer motion scheduled for oral argument was decided within two weeks. *See* JPML, Notice of Hearing Session, https://www.jpml.uscourts.gov/sites/jpml/files/Hearing%20Session%20Filed_March%202024.pdf; JPML, Panel Orders, March 2024 Session, https://www.jpml.uscourts.gov/panel-orders. A brief, roughly forty-five (45) day stay through June 30, 2024 will allow a sufficient and reasonable time for the JPML to issue its decision. In the unlikely event that the JPML deviates from its standard practice and has not decided the transfer motion by June 30, 2024, the stay will expire

and the parties and Court can then reasonably assess scheduling and appropriate actions to take in this case in light of that development.

### B. Alternatively, the Current Trial Date Should be Continued for Six (6) Months.

This Court has instructed that any motions to "modify the trial date must specifically state the basis for the request, including detailed factual support, and must provide a compelling reason." ECF No. 23. The Court has also instructed the parties that it is "strongly disinclined to modify the trial date based upon the scheduling 'tracks' contained within the Local Rules and/or based upon vague references to the complexities of the case." *Id.*  Accordingly, Defendants do not request a trial date tied specifically to any of the scheduling tracks listed in Local Rule 16.1.[4]  The Local Rules do, however, provide a relevant list of factors this Court should consider when determining an appropriate trial date and length of discovery: "[1] the complexity of the case, [2] number of parties, [3] number of expert witnesses, [4] volume of evidence, [5] problems locating or preserving evidence, [6] time estimated by the parties for discovery and time reasonably required for trial, among other factors." S.D. Fla. Local R. 16.1(a)(3).

On April 19, 2024, the Court entered an Order setting this case for trial the week of November 18, 2024, Dkt. 20, giving the parties approximately six months to prepare this putative

---

[4] To the extent the case management tracks are relevant, the current trial date of November 18, 2024, just over six months from the scheduling conference, reflects that that the case would be considered on "case management track" for an "expedited" case. The Local Rules provide for an "expedited" track for a "relatively non-complex case requiring only (1) to three (3) days of trial." S.D. Fla. Local R. 16.1(a)(2)(A). The Local Rules also provide for a "Standard Track" and a "Complex Track." *Id.* at (B) & (C). A case assigned to the "Complex Track" is described as an "unusually complex case requiring over ten (10) days of trial" and it is one in which "discovery shall be completed within 270 to 365 days from the date of the Scheduling Order." *Id*. For the reasons explained in the Joint Motion, this case is not a "relatively non-complex case" and is instead most befitting of the "Complex Track." GM and OnStar reiterate, however, that they do not believe this case is suitable for litigation in general because they plan to move to compel arbitration based on the basis that Plaintiff accepted a valid and binding arbitration and class action waiver.

nationwide class action case for trial. For the reasons that follow, and given their counsel's extensive experience litigating cases of similar scale, scope, and complexity, and under the factors provided in Local Rule 16.1(a)(3), the parties respectfully do not believe that six months will be sufficient. As a threshold matter, GM and OnStar intend to move to compel Plaintiff to arbitrate his claims. GM and OnStar respectfully submit that the motion to compel arbitration should not be filed and briefed until after the JPML has ruled on the pending Motion for Transfer and Consolidation, whether in this action or in any consolidated action ordered by the JPML, as it would lead to an unnecessary expenditure of resources and potentially inconsistent results if the GM Defendants are required to brief and have multiple courts rule with respect to enforcement of the same arbitration provision that has been in effect as part of every OnStar customer agreement since 2018. *See, e.g.*, *In re: Zantac (Ranitidine) Prods. Liab. Litig.*, 339 F.R.D. at 685 ("[T]he purpose of an MDL [is] to centralize proceedings and eliminate duplicate and inconsistent filings." (citing *In re: Fountainebleau Las Vegas Contract Litig.*, 2011 WL 13115470, at *4).

With respect to the merits, Plaintiff brings claims for 1) a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (as against Lexis); 2) a violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (as against all Defendants); and 3) a violation of Florida's common law invasion of privacy (as against all Defendants). Plaintiff also seeks to assert these claims on behalf of nationwide classes under each of these causes of action. Compl. ¶ 71. Defendants deny that Plaintiff's claims have any merit, that they are suitable for class action treatment, and, indeed, deny that they belong in federal court in the first instance and contend that they are preempted by federal law. Therefore, if Plaintiff's claims somehow survive a motion to compel arbitration, Defendants intend to move for judgment on the pleadings and for failure to state a claim, which will require time for briefing and decision.

8

On the face of the Complaint, this case implicates no fewer than three non-Florida based Defendants, three distinct causes of action under a federal statute, a state statute and the common law, three separate putative nationwide classes, and allegations of deception, lack of or inadequate consent, and allegedly improper data sharing with third parties. Therefore, if Plaintiff's claims survive a Rule 12(c) motion, given the nature of Plaintiff's claims, discovery in this case (if it does proceed[5]) will require the collection and production of Electronically Stored Information ("ESI"), which will necessitate the identification of multiple document custodians from various aspects of Defendants' businesses, the collection of documents from those custodians, decisions regarding and negotiation of search terms and an ESI Protocol, the application of search terms to the collection, a likely extensive review of hits for relevance and privilege, and the application of redactions—all before a single document can even be produced. This process alone is likely to take, at minimum, three (3) to four (4) months.

There will also likely be extensive written discovery in this case and related discovery disputes—which are frequent in putative class action lawsuits—which will take significant time to complete. Given the number of Defendants and the nature of the claims, which implicate multiple parts of each Defendant's business, Defendants further anticipate that multiple lay witness depositions will be taken, including both fact witnesses and corporate representatives, many of whom reside outside of Florida and who may need to be educated on certain topics (which would need to be negotiated and discussed among the parties) to be prepared to adequately testify.

---

[5] Nothing in this Motion should be construed as a concession as to what discovery in this case will actually entail, and Defendants maintain that no discovery on Plaintiff's claims is appropriate, given his binding arbitration agreement. The explanation that follows is intended only to provide an overview of what discovery often looks like in complex putative class actions like this case, should it proceed.

9

Defendants also expect that expert discovery, including the exchange of multiple expert reports, rebuttal reports, and expert witness depositions, will occur in this case. The parties will also need to brief class certification and summary judgment. That briefing is likely to be substantial and would need to occur over the course of several months, building in time for opening briefs, oppositions, and replies, plus any additional time needed for hearings (if the Court schedules them) and for the Court to rule prior to the November 2024 trial date. While the parties cannot say for certain how long a trial in this matter would last, the parties estimate, based on the allegations in the Complaint, that trial would last for at least two weeks.

In sum, given the nature of Plaintiff's allegations, the pretrial period in this case (assuming it proceeds in this Court at all) is certain to be highly complex, requiring resolution of jurisdictional issues on arbitrability, and if the case proceeds beyond that, Rule 12(c) briefing, completion of both class and merits discovery (including depositions, expert discovery, and resolution of any discovery disputes), and full briefing of class certification, summary judgment, and any attendant *Daubert* motions. Accordingly, six months is not an adequate amount of time to prepare this case for trial. If the Court is not inclined to stay the case until June 30, 2024 in light of the proceedings before the JPML, the parties respectfully request that they be given an additional six (6) months to conduct discovery and pretrial briefing and that this case be set for trial in May 2025.

### III. CONCLUSION

For these reasons, the parties respectfully request that the Court reconsider the Order denying the Unopposed Motion to Stay or, in the alternative, modify the existing trial date to set the date in May 2025. A proposed order is attached hereto as Exhibit 1.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3), counsel certifies that all parties have conferred about the relief sought in the Motion, and all parties consent to the relief requested herein.

Dated:  May 3, 2024                                        Respectfully submitted,

                                                **KING & SPALDING LLP**
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000
Facsimile: (305) 462-6100

By:     */s/ Ross E. Linzer*
Ross E. Linzer
Florida Bar No.: 0073094
E-mail: rlinzer@kslaw.com
Secondary E-Mail:  miamilit@kslaw.com

Susan M. Clare*
**KING & SPALDING LLP**
1180 Peachtree Street SE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
E-mail: sclare@kslaw.com

* *pro hac vice* pending

*Counsel for Defendants General Motors LLC and OnStar, LLC*


**JONES FOSTER P.A.**
505 S. Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
Facsimile: (561) 650-5300

By:     */s/ Roberto M. Vargas*
Roberto M. Vargas
Florida Bar No.: 151106
Email: rvargas@jonesfoster.com
Hanna B. Rubin
Florida Bar No.: 1031872
Email: hrubin@jonesfoster.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

11

        **KAZEROUNI LAW GROUP, APC**
        2221 Camino Del Rio S., #101
        San Diego, CA 92108
        Telephone: (800) 400-6808
        Facsimile: (800) 520-5523

By:   */s/ Ryan L. McBride*
        Ryan L. McBride
        Florida Bar No. 1010101
        E-mail: ryan@kazlg.com

        Mohammad Kazerouni
        Florida State Bar No. 1034549
        **KAZEROUNI LAW GROUP, APC**
        245 Fischer Ave., Suite D1
        Costa Mesa, CA 92626
        Telephone: (800) 400-6808
        Facsimile: (800) 520-5523
        E-mail: mike@kazlg.com